No. 14,588.

DISTRICT LANDOWNERS TRUST *v.* BENGTSON ET AL.

(102 P. [2d] 473)

Decided May 6, 1940.

Mr. I. B. MELVILLE, Mr. CHARLES C. SACKMANN, for plaintiff in error.

Mr. HARRY BEHM, Mr. CLIFFORD J. GOBBLE, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

SUIT on promissory note for $4,632.20, payment of which was secured by a deed of trust on certain real estate. The principal defense was the six year statute of limitations, which the trial court held to be good. Defendants filed a counterclaim for damages for alleged failure of the plaintiff to furnish water for the deeded premises. On the counterclaim, judgment was for the

plaintiff. No cross error is assigned to the latter by defendants, but plaintiff in error, which was plaintiff below, seeks reversal of the judgment on a writ of error.

■ The complaint admits that more than six years have elapsed since the last payment was made on the note, but it is alleged that defendants are estopped from relying on the statute of limitations because of their verbal authorization to plaintiff to extend the time of payment of the note, and by their conduct in accepting the benefits of the extension placed on the note by plaintiff. It is conceded that no writing covering the extension was ever signed by defendants. The statute involved reads as follows: "No acknowledgment or promise shall be evidence of a new or continuing contract, sufficient to take a case out of the operation of the statute of limitations, unless the same is contained in form of writing, signed by the party to be charged thereby; but this section shall not alter the effect of a payment of principal or interest. '35 C.S.A., c. 102, §26; C.L. §6416.

Since the Bengtsons made their last payments December 2, 1930, the six year period of limitations as to them had expired, of which fact Melville, manager of plaintiff in error, was well aware, as his admission on the witness stand proved, when in response to the question, "And you knew that to make an extension it would be necessary to have him sign it?," he replied, "If it was to be made binding on him, yes."

■ We do not determine whether estoppel is available as a defense against the statute, but we may say in passing that the evidence concerning that feature of the case was conflicting, and the court's finding thereon against plaintiff in error is controlling.

Our conclusion is that the defense of the statute of limitations was good, therefore no good purpose would be served by considering the other assignments of error.

MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE dissent.